IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE HARRIS, JR.,
    Plaintiff
 

vs. : CIVIL NO. 1:CV-08-2304

DAVID J. EBBERT, et al.,
    Defendants

*M E M O R A N D U M*

    The pro se plaintiff, Robert Lee Harris, Jr., filed this action pursuant to 42 U.S.C. § 1983 against the named prison officials and employees at FCI-Allenwood. In his complaint, Plaintiff set forth an Eighth Amendment medical claim seeking only injunctive relief requiring the defendants to provide him with nerve entrapment surgery on his right femoral artery.[1]

    Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. While that motion was pending, defendants filed a notice stating that Plaintiff had received the surgery on August 18, 2009, and requested that Plaintiff's complaint be dismissed as moot. (Doc. 21). We gave Plaintiff an opportunity to respond and he has done so.

    In several filings, Plaintiff opposes dismissal of the action. In doing so, he presents a new claim. His original complaint simply sought the necessary surgery. He now alleges that he developed great difficulty in walking because of right quadricep atrophy, right hip flexor weakness, and decreased dorsiflexion of the foot over the past seven years. (Doc. 23, p. 2). He traces this disability to a hernia operation in October

---

[1] Plaintiff also alleged problems with a hernia repair, but both parties agree that the surgery at issue was for nerve entrapment.

2002, when correctional officers refused to assist him upon his return to the prison after the operation. (*Id.* at p. 3). Instead of giving him a wheelchair, they forced him to walk up flights of stairs and about one-half mile to the prison hospital, all the while "constrain[ed]" by "handcuffs, waist chain, black box and shackles." (*Id.*). These physical problems persist and "[a]rose out of the delay/denial of treatment to the nerve entrapment and are part of the problem as a whole." (*Id.*) The nerve entrapment surgery was "just part of the corrective factor." (*Id.*).

Plaintiff alleges the defendants have failed to provide him with physical therapy after the nerve entrapment operation, even though "[a]fter any operation the common practice of modern medicine is to render therapy to the injured areas so that they become stronger . . . ." (Doc. 24, p. 2). He avers that he still has difficulty walking because of the problems in his right leg and foot (*id.*, p.3 ), and wants the case to continue so that he can pursue another claim for injunctive relief, this time that he be provided with physical therapy. (Doc. 25, p. 3). In sum then, Plaintiff is now seeking relief to correct the physical problems with his right leg that are causing him difficulty in walking and which he believes requires physical therapy, with the nerve entrapment operation having been only one part of the solution to those problems.

Plaintiff's new claim is not set forth in the original complaint, and we will treat his filings as a motion to file an amended complaint. In the current procedural context, under Fed. R. Civ. P. 15(a)(2), Plaintiff requires leave of court to do so, and we "should freely grant leave when justice so requires." *Id.* Generally, this means we should allow an amended complaint unless Plaintiff has exhibited "undue delay, bad faith or dilatory motive"; "repeated failure to cure deficiencies by amendments previously allowed," or if there is "undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment . . . ." *Kibbie v. BP/Citibank*, No. 08-1804, 2009 WL 2950365, at *9 (M.D. Pa. Sept. 9, 2009)(quoted case omitted).

None of these factors precludes allowing Plaintiff to file an amended complaint, so we will grant Plaintiff leave to file one setting forth his Eighth Amendment claim involving his alleged need for physical therapy. Plaintiff is advised that he must allege the personal involvement of each defendant he names in the amended complaint, meaning that he must allege what each named defendant did to violate his Eighth Amendment rights. Plaintiff is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an amended complaint will result in dismissal of this action.

We turn now to resolving whether the claim set forth in the original complaint is moot. Federal courts do not have subject-matter jurisdiction to decide cases that are moot. *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3d Cir. 2004). A case is moot when the issues in the case "are no longer 'live' . . . ." *Id.* Plaintiff's original claim is thus moot because it was a request for an injunction to receive an operation and Plaintiff has gotten the operation requested. We will therefore dismiss the original complaint as moot.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 9, 2009

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE HARRIS, JR.,
    Plaintiff

vs. : CIVIL NO. 1:CV-08-2304

DAVID J. EBBERT, et al.,
    Defendants

*O R D E R*

Accordingly, this 10th day of November, 2009, it is ordered that:

1. Upon consideration of Defendants' motion to dismiss or, in the alternative for summary judgment, (doc. 15), and Defendant's notice (doc. 21), it is ordered that Plaintiff's original complaint (doc. 1) is dismissed as moot.

2. Within twenty (20) days of the date of this order, Plaintiff may file an amended complaint setting forth his Eighth Amendment claim involving his alleged need for physical therapy.

3. If Plaintiff fails to do so, this action will be dismissed.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge